UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

NATIA MOSASHVILI,

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK,
POLICE OFFICER RICHARD REILLY (TAX 935576),
and JANE DOE

Defendants.

-----------------------------------------------------------------------X

Plaintiff, by her attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, complaining of the Defendants, respectfully alleges, upon information and belief:

## PARTIES, VENUE AND JURISDICTION

1.  At all times herein mentioned, plaintiff NATIA MOSASHVILI was and still is a resident of the County of KINGS, City and State of New York.

2.  The action is brought pursuant to the provision of 42 U.S.C. §1981, §1983, §1985 and 28 U.S.C. §1343 and pursuant to pendent state law claims for assault, battery, excessive force, false arrest, false imprisonment, and intentional infliction of emotional distress and the violation of civil rights. The action arises out of the false arrest, assault and battery of the Plaintiff by Police Officers employed by THE NEW YORK CITY POLICE DEPARTMENT ("NYPD").

1

3.  The cause of action alleged herein arose in the County of the KINGS, City and State of New York.

4.  On December 2, 2012, defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under the laws of the State of New York.

5.  On December 2, 2012, the New York City Police Department was and still is a municipal corporation, duly organized and existing under the laws of the State of New York.

6.  That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK, owned, operated, maintained and controlled the New York City Police Department and employed the police officers and supervisory officers therein.

7.  At all times relevant to the action herein, defendant THE CITY OF NEW YORK hired, screened, trained, instructed, managed and supervised its police officers.

8.  That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority over the New York City Police Department, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

9.  Plaintiff has complied with all conditions precedent to the commencement of the action against defendant THE CITY OF NEW YORK; a Notice of Claim having been served upon the defendant THE CITY OF NEW YORK on February 24, 2013 and within ninety (90) days of the date that the within cause of action having been caused to accrue; thirty (30) days have elapsed and the claim remains unpaid and unadjusted and a Notice of Claim having been served upon the defendant.

10. That plaintiff, according to municipal code 50(h), was produced for said statutory hearing on

May 7. 2013.

11. The action was commenced within one (1) year and ninety (90) days after the happening of the events upon which the claim is based.

12. At all times hereinafter mentioned relevant to the action herein, the New York City Police Department was and still is a department of defendant THE CITY OF NEW YORK.

13. On December 2, 2012, the defendant THE CITY OF NEW YORK by virtue of, under and pursuant to the Laws of the State of New York and the Charter, and Administrative code of the City of New York, created and operated a Police Department for the public benefit and protection of its citizens.

14. On December 2, 2012, and at all times relevant to the action herein, the New York City Police Department employed Police Officers and/or detectives that were on duty and were working within the scope and course of their employment as a New York City Police Officers for the New York City Police Department and THE CITY OF NEW YORK.

15. Defendant OFFICER RICHARD REILLY was at all times relevant herein, a member of the New York City Police Department ("NYPD") assigned to the 84th Precinct as duly appointed and acting servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK.  Defendant OFFICER RICHARD REILLY was and is at all times relevant herein, acting under color of state law in the course and scope of her duties and functions as agent, servant, and employee of defendant THE CITY OF NEW YORK.  Defendant OFFICER RICHARD REILLY was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in

3

conduct incidental to the performance of her lawful functions in the course of her duties. Defendant OFFICER RICHARD REILLY is sued herein in their official and individual capacities.

16. Defendant JANE DOE was at all times relevant herein, a member of the New York City Police Department ("NYPD") assigned to the 84th Precinct as duly appointed and acting servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendant JANE DOE was and is at all times relevant herein, acting under color of state law in the course and scope of her duties and functions as agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant JANE DOE was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties. Defendant JANE DOE is sued herein in their official and individual capacities.

17. On December 2, 2012, and at all times relevant to the action herein, the defendant police officers, and/or detectives were on duty and were acting under color of State Law and within the scope of their employment for the New York City Police Department.

**RELEVANT FACTS**

18. Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully stated at length below.

19. On December 2, 2012, plaintiff, NATIA MOSASHVILI was lawfully present as a passenger with her two children in a vehicle being driven by her father on the Brooklyn Queens

4

Expressway in the County of KINGS, City and State of New York.

20. The vehicle stopped operating properly and plaintiff's father pulled over to call for roadside assistance

21. Plaintiff called 311 for a tow truck and was connected to 911 and was told to wait for help. Shortly thereafter, defendants OFFICER RICHARD REILLY and JANE DOE arrived.

22. Plaintiff was not engaged in any suspicious or illegal activity.

23. Eventually, a tow truck and driver arrived on the scene.

24. Plaintiff exited the vehicle to talk to tow truck driver.

25. Plaintiff was not engaged in any suspicious or illegal activity.

26. Without any legal justification or basis, defendant Reilly approached plaintiff in an aggressive and threatening manner and ordered her to get back into her vehicle.

27. Plaintiff complied with all of the defendants' requests.

28. Defendant Reilly followed plaintiff to her vehicle and continued shouting at and threatening her.

29. Once she was inside of her vehicle, plaintiff attempted to dial "911" to request assistance and protection from defendant Reilly because she was feared for her physical safety and for the physical safety of her family members who were present in the vehicle.

30. Despite the fact that plaintiff was not engaged in any suspicious or illegal activity, the defendants removed plaintiff from her vehicle, formally arrested plaintiff and placed her in handcuffs.

31. Defendant Reilly twisted plaintiff's arms behind her and applied excessively tight handcuffs to her wrists.

32. Defendants then searched plaintiff. The searched yielded no evidence of any guns, drugs, or contraband.

33. The defendants subjected plaintiff to excessive force in part of by the following: violently threatening plaintiff with physical harm; intentionally attempting to cause injury to plaintiff; subjecting plaintiff to two unnecessary strip searches while in custody, a vicious assault and battery against plaintiff, placing plaintiff in handcuffs without reason of cause; committing an unjustified arrest of plaintiff; carelessly employing the use of force in arresting plaintiff; committing a harmful, offensive and un-consented attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to conduct her usual business; and otherwise using great and threatening force and violence against plaintiff.

34. Plaintiff was then taken to the 84th Precinct where she was held for several hours.

35. Plaintiff was then taken to Kings County Central Booking where she was held for several more hours.

36. Plaintiff was strip searched twice while in custody.

37. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

38. That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing

plaintiff in handcuffs without reasonable cause therefore. and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

39. That plaintiff was conscious of the false arrest and confinement.

40. While in custody, plaintiff was then arraigned on a criminal complaint and charged with multiple offenses pursuant to false information and allegations supplied by the defendant officers, and sworn to in a criminal complaint by defendants.

41. Plaintiff was prosecuted pursuant to these false statements and allegations over the course of several months before the charges against her were dismissed.

42. The factual allegations sworn to by defendants against the plaintiff were materially false and deliberately made to justify the illegal arrest and assault by the defendants against the plaintiff.

43. The factual allegations sworn to by defendants against plaintiff were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

44. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that she had engaged in any unlawful conduct.

45. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

46. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

47. At no time did any of the individual defendants take any steps to intervene in, prevent, or

otherwise limit the aforementioned conduct engaged in against the plaintiff.

48. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

49. That at all relevant time mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF NATIA MOSASHVILI

50. Plaintiff hereby restates, reiterates and realleges each of the foregoing allegations with the same power and force as if fully stated at length below.

51. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over the New York City Police Department, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

52. On December 2, 2012 at the aforementioned location, plaintiff, NATIA MOSASHVILI was detained and held under the imprisonment and control of the defendants under false pretenses.

53. That on or about December 2, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the New York City Police Department, falsely arrested and imprisoned the

8

plaintiff, NATIA MOSASHVILI, without warrant, authority of law or probable cause therefore.

54. That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff NATIA MOSASHVILI against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

55. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

56. That plaintiff NATIA MOSASHVILI was conscious of the confinement.

57. That as a direct, sole and proximate result of the false arrest and imprisonment, plaintiff NATIA MOSASHVILI was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

58. As a result thereof, plaintiff NATIA MOSASHVILI was damaged in a sum far in excess of the jurisdictional limits of the Court pursuant to CPLR 3017(c).

## AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF NATIA MOSASHVILI

59. Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same power and force as if fully stated at length below.

60. That on or about December 2, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the New York City Police Department, individually and in their official capacities, acting under color of law, deprived plaintiff NATIA MOSASHVILI of her state constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures.

61. That on or about December 2, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the New York City Police Department, without plaintiff's consent willfully, wantonly, maliciously, and intentionally committed assault and battery upon the plaintiff, NATIA MOSASHVILI, when he was improperly grabbed, handcuffed and thrown, humiliated while under the custody and control of THE CITY OF NEW YORK and the New York City Police Department.

62. That the acts and conduct constituting the assault and battery consisted in part of the following: violently threatening plaintiff with physical harm; intentionally attempting to

cause injury to plaintiff; a vicious assault and battery against plaintiff, placing plaintiff in handcuffs without reason or cause; using unreasonable, unnecessary and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of an investigation; committing an unjustified arrest of plaintiff; carelessly employing the use of force in arresting plaintiff; committing a harmful, offensive and un-consented attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to conduct her usual business; and otherwise using great and threatening force and violence against the plaintiff.

63. That as a direct, sole a proximate result of the assault and battery, plaintiff was caused to and did sustain serious, personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and loss of personal and business income.

64. On December 2, 2012, while plaintiff, NATIA MOSASHVILI was present in the aforesaid location, she was caused to be negligently, intentionally, wrongfully, willfully, maliciously and with gross negligence, physically detained, searched, battered, handcuffed and falsely arrested by defendants and was caused to sustain severe and permanent injuries.

65. That on December 2, 2012, plaintiff, NATIA MOSASHVILI was transported to a local area precinct of the New York City Police Department by defendant police officers and was further caused to be negligently, intentionally, wrongfully, willfully, maliciously and with gross negligence, physically detained, searched, battered, handcuffed and falsely arrested by defendants and was caused to sustain severe and permanent injuries.

66. The aforementioned occurrence took place due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers, acting

within the scope of their authority, within the scope of their employment and in the furtherance of their agency.

67. The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the defendants, and each of them, their servants, agents, employees, licensees, independent contractors and/or police officers in negligently, carelessly and recklessly causing, allowing and/or permitting the plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted, battered, and falsely arrested.

68. No negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

69. That by reason of the foregoing, plaintiff NATIA MOSASHVILI was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries plaintiff NATIA MOSASHVILI has been caused to incur and will continue to incur expenses for medical care and attention; and as a result plaintiff was and will continue to be rendered unable to perform her normal activities and duties and in consequence has sustained a loss therefrom.

70. That by reason of the foregoing, plaintiff NATIA MOSASHVILI was damaged in an amount that exceeds the jurisdictional limits of all lower courts who would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF NATIA MOSASHVILI

71. Plaintiff hereby restates, reiterates and realleges each of the foregoing paragraphs with the same power and force as if fully stated at length below.

72. That on or about December 2, 2012, due to the negligence of the defendants, and each of them, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of THE NEW YORK CITY POLICE DEPARTMENT, individually and in their official capacities, acting under color of law, deprived plaintiff of her state constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures, and security against excessive force.

73. That by reason of the foregoing, plaintiff NATIA MOSASHVILI was damaged in an amount that exceeds the jurisdictional limits of all lower courts who would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR VIOLATION OF TITLE 42 OF THE UNITED STATES CODE SECTION 1983 ON
## BEHALF OF PLAINTIFF

74. Plaintiff hereby restates, reiterates and realleges each of the foregoing paragraphs with the same power and force as if fully stated at length below.

75. In engaging in the conduct described, falsely arresting, falsely imprisoning, and harassing plaintiff, NATIA MOSASHVILI, defendants, THE CITY OF NEW YORK and OFFICER RICHARD REILLY and JANE DOE, deprived plaintiff of her civil rights pursuant to Title

42 U.S.C.A.§ 1983.

76. In engaging in the conduct described, falsely arresting, falsely imprisoning, and harassing plaintiff, NATIA MOSASHVILI, defendants deprived plaintiff of her civil rights pursuant to Title 42 U.S.C.A.§ 1983.

77. That the defendants acted under color of State law.

78. That the force used by defendants violated Plaintiff's right against excessive force and unreasonable search/seizure.

79. That the aforementioned misuse of authority and power by the police officers was intentional, reckless and egregious and shocking to the conscience. As a direct result of defendants' actions, plaintiff, NATIA MOSASHVILI was caused to undergo the humiliation and indignities resulting from being compelled to engage in the physical contact and unlawful confinement described, against her will; and was caused to and will continue to undergo and endure severe mental anguish and humiliation and hardship as a consequence thereof.

80. As a direct result of defendant's actions, plaintiff suffered a denial of her federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, NATIA MOSASHVILI by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

81. As a result thereof, plaintiff was damaged in a sum far in excess of the jurisdictional limits of the Court pursuant to CPLR 3017(c).

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR VIOLATION OF TITLE 42 OF THE UNITED STATES CODE SECTION 1983 ON BEHALF OF PLAINTIFF

82. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

83. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

84. At all times material to the complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through individual defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

85. At all times material to the complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights.

86. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial

risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

87. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

88. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

89. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice. and custom of utilizing illegal and impermissible searches. arrests. detentions. malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

90. All of the acts or omissions by the individual defendants described above were carried our pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

91. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.  Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.  Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d.  Retaliating against officers who report police misconduct; and

    e.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

92. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.  *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b.   *Lotorto v. City of New York.* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.):

    c.   *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

    d.   *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.   *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.   *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.   *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.   *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.   *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.);

    k.   *Smith v. City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.   *Powers v. City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.   *Dotson v. City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.   *Nonnemann v. City of New York,* 02-CV-0131 (JSR) (AJP) (S.D.N.Y.);

    o.   *Richardson v. City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.   *Barry v. New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.   *Walton v. Safir,* 99-CV4430 (AKH) (S.D.N.Y.);

    r.   *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.   *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.).

93. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

    Informal inquiry by the court and among the judges of ther court, as well as

knowledge of cases in other federal and state courts. has revealed anecdotal evidence of repeated. widespread falsification by arresting police officer of The New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

94. It is therefore, axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

95. As a direct result of defendant's actions, plaintiff suffered a denial of her federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, NATIA MOSASHVILI by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

96. As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR ATTORNEYS' FEES

97. Plaintiff hereby restates, reiterates and realleges each of the foregoing paragraphs with the same power and force as if fully stated at length below.

98. Pursuant to Title 42 U.S.C.A § 1983 plaintiff is entitled to recover reasonable attorneys fees

for the violation of said statute.

99. As a result thereof, plaintiff was damaged in a sum far in excess of the jurisdictional limits of the Court pursuant to CPLR 3017(c).

**WHEREFORE**, plaintiff demands judgment against the defendants, severally and jointly, in the foregoing Causes of Action in an amount which exceeds the jurisdictional limits of all lower Courts, together with attorney fees pursuant to 42 U.S.C.A. § 1988, the costs and disbursements of the action, with interest from the date of incident, and such other and further relief as the courts deems just and proper.

Dated:  New York, New York
         June 5, 2013

Yours, etc.

JESSICA MASSIMI, ESQ.
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiff
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

20